

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 29, 2005

**VIA FACSIMILE AND FEDERAL EXPRESS**

Robert M. Kalec, Esq.
Dean & Fulkerson, P.C.
801 West Big Beaver Road
Fifth Floor
Troy, Michigan 48084

    Re:   **United States v. RJL Sciences, Inc., d/b/a RJL Systems, Inc.**

Dear Mr. Kalec:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, RJL Sciences, d/b/a RJL Systems, Inc., ("RJL" or "Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   **Plea to Information**

    At the earliest practicable date, but in no event later than March 31, 2005 (or another date as scheduled by the Court), Defendant agrees to waive Indictment and plead guilty to Count 1 in the Information attached as Exhibit A, charging a violation of 18 U.S.C. §371 conspiracy to commit an offense against the United States, that is, 21 U.S.C. §§ 331(a) and 333a(2). Defendant expressly and unequivocally admits that RJL in fact knowingly, intentionally and willfully committed the crime charged in the Information and is in fact guilty of that offense. Defendant agrees to waive venue, to waive any applicable statutes of limitations, and to waive any defects in the Information.

2.  **Penalties**

The Defendant RJL is subject to a fine of $500,000, or twice the gross gain or loss involved in the offense, whichever is greater, or both, and a special assessment of $400.00. Additionally, the Court may order restitution to any victims of the offenses.

3.  **Sentencing Guidelines**

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

(a) That the November 1, 2001 Sentencing Guidelines manual should be utilized;

(b) That Defendant's offense of conviction is governed by the fraud guideline, U.S.S.G. § 8C2.1, see §§ 8C2.2 through 8C2.9, 2B1.1, 2X1.1(a) and (c) and 2N2.1 (b)(1) (Nov. 1, 2001);

(c) That the base offense level for the fraud guideline is five (5), U.S.S.G. § 8C2.3 and § 8C2.5, see § 2B1.1(a) (Nov. 1, 2001);

(d) The guideline fine range was not determined because it is readily ascertainable that the defendant cannot and is not likely to become able (even on an installment schedule) to pay restitution as required under § 8B1.1.

(e) That no precise determination of the guideline fine range is required because it is readily ascertainable that the defendant is not likely to become able (even on an installment schedule) to pay such minimum guideline fine. See § 8C3.3(a).

The U.S. Attorney specifically may, at his sole option, be

2

released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

    (a)   Fails to admit a complete factual basis for the plea;

    (b)   Fails to truthfully admit its conduct in the offenses of conviction;

    (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)   Fails to provide truthful information about its financial status;

    (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)   Intentionally fails to appear in Court or violates any condition of release;

    (h)   Commits a crime; and/or

    (i)   Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that it may not withdraw its plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

**4.   Sentence Recommendation**

The defendant has asserted an inability to pay any fine and has provided tax returns that appear to support that assertion. Assuming that the Court finds that the defendant has an inability to pay a fine within the Guideline Range and enters a finding to that effect, the U.S. Attorney agrees to recommend that the

3

defendant pay a fine of $5,000. Otherwise, the U.S. Attorney will recommend a fine at the low end of the Guideline Range.

The U.S. Attorney reserves the right, as specified below, to make a motion pursuant to U.S.S.G. § 5K1.1 for a downward departure from the guideline range based upon substantial assistance. The U.S. Attorney and Defendant agree that the Defendant reserves the right to seek a departure from the sentencing range established by the United States Sentencing Guidelines. The Defendant understands that the Government is not hereby agreeing to any such departure and that the Defendant will provide the Government with 14 days notice prior to the sentencing hearing of the basis for any departure from the guideline range which the Defendant will seek at the sentencing hearing, including the factual basis for such a departure. The Defendant understands, as outlined below, that the U.S. Attorney reserves the exclusive right to determine whether, in his judgment, a motion for a departure downward based upon substantial assistance is warranted.

In the event the U.S. Attorney does not file a motion under U.S.S.G. §5K1.1 and/or 18 U.S.C. §3553(e), the United States Attorney will make a sentence recommendation at the low end of the Guideline Range determined by the Court.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.   **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which it has an interest without prior express written consent of the U.S. Attorney, except for:

4

    (1)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

    (2)    Ordinary business expenses, so long as such assets do not exceed $75,000 per month; and

    (3)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, RJL will truthfully and accurately complete and provide to the U.S. Attorney's office, a sworn financial statement.

**7.   Waiver of Rights to Appeal and to Bring Collateral Challenge**

Defendant is aware that RJL has the right to challenge its sentence and guilty plea on direct appeal. Defendant is also aware that RJL may, in some circumstances, be able to argue that its plea should be set aside, or its sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives its right to appeal or collaterally challenge:

    (1)    Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    (2)    The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

In consideration of the concessions made by the U.S.

Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. **Cooperation**

    a.    Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. The Defendant must provide complete and truthful information to all law enforcement personnel. If testimony is requested, the Defendant must provide an employee who will testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to RJL by any law enforcement agents or government attorneys and must not withhold any information. The Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, the Defendant must furnish all documents, objects and other evidence in its possession, custody or control that are relevant to the government's inquiries.

Defendant understands that it has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which it has been charged. To facilitate its cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or its counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights the Defendant may have to prompt sentencing and will join in any requests by

6

the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

      b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of its pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 9(a) above, or engages in any criminal conduct after the date it signs this Agreement. Defendant may not withdraw its plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

      c.    Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 9(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

**9.**    **Court Not Bound By Agreement**

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole

discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw its plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw its plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 10. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning its assets.

### 11. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of its conduct and its plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees to cooperate with the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of RJL's civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

### 12. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 13. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of its pretrial release, or has committed any crime following its execution of this Agreement, the U.S. Attorney may,

at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by RJL of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that, should RJL breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by RJL, and any information, materials, documents or objects which may be provided by RJL to the government subsequent to this Agreement, or pursuant to the proffer agreement dated December 10, 2003 without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

## 14. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

## 15. Corporate Authorization

Defendant shall provide to the U.S. Attorney and the Court a certified copy of a resolution of the Board of Directors of Defendant, affirming that the Board of Directors has authority to enter into the Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize Rudolph J. Liedtke, President, to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

Defendant agrees that Rudolph J. Liedtke, President, will appear on behalf of Defendant and enter the guilty plea and will also appear for the imposition of sentence.

**16. Complete Agreement**

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as witness. Return the original of this letter to Assistant U.S. Attorney Mary Elizabeth Carmody.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MICHAEL K. LOUCKS
Assistant U.S. Attorney
Chief, White Collar Crime
Criminal Division

MARY ELIZABETH CARMODY
Assistant U.S. Attorney

**CORPORATE ACKNOWLEDGMENT OF PLEA AGREEMENT**

The Board of Directors has authorized me to execute this Plea Agreement on behalf of RJL Sciences, Inc. The Board has read this letter of Agreement in its entirety and has discussed it fully with RJL's attorney. The Board acknowledges that this letter fully sets forth RJL's agreement with the U.S. Attorney. The Board further states that no additional promises or

representations have been made to the Board by any officials of the United States in connection with this matter.

*[Signature: Rudolph Liedtke, President]*
Corporate Officer
authorized to enter into
Agreement by Board of Directors.

    I certify that Defendant's Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize Rudolph J. Liedtke, President to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

*[Signature]*
Robert M. Kalec, Esq.
Attorney for Defendant RJL Sciences, Inc.,
   d/b/a RJL Systems, Inc.
Date: March 30, 2005

11